IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>JEAN CARLOS CRUZ [3]<br><br>Defendant | **CRIM NO.** 01-717 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Jean Carlos Cruz's ("Defendant" or "Cruz") *Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)* ("*Motion for Compassionate Release*") as well as the Government's opposition thereto. (Docket Nos. 282 and 287). For reasons set forth below, the request for compassionate release is **DENIED WITHOUT PREJUDICE.**

I.   PROCEDURAL BACKGROUND

On January 13, 2004, the First Circuit affirmed Defendant's 423-month sentence followed by four years of supervised release. (Docket No. 282 at 1-2). Defendant was found guilty of possession of narcotics with intent to distribute and possession of firearms, including a machine gun, in furtherance of a drug trafficking offense in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and

18 U.S.C. §§ 924(c)(1)(B), 922(k), and 922(o). Id. Defendant is scheduled for release on November 16, 2031. Id.

On May 14, 2021, Defendant sent an Electronic Request to Staff ("ERTS") within FCI Beaumont Low, addressed to the Warden and requesting compassionate release. (Docket Nos. 282 at 14-17 and 282-2 at 1). On May 21, 2021, the Warden responded: "If you are seeking a compassionate release under the Cares Act per COVID-19 the appropriate process is to submit a hard copy BP9 administrative remedy." (Docket No. 282-2 at 1). Defendant contends that his ERTS was an adequate request to his Warden, such that he fulfilled the administrative exhaustion requirement before filing his *Motion* on July 27, 2021. (Docket No. 282 at 14-17). The Government filed an opposition on August 30, 2021, arguing that Defendant has not filed an adequate request with his Warden. (Docket No. 287 at 1-5). Thus, the Government contends that this Court lacks the authority to act on Defendant's *Motion*. Id. This Court agrees with that conclusion.

## II.  APPLICABLE LAW

### A. The First Step Act

Pursuant to Section 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, a court may not modify an imposed term of imprisonment unless a defendant exhausts certain administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). First, a defendant must request that the BOP file a motion for compassionate release on their behalf. *See* id. After filing such request, the

defendant may only file a motion in federal court if they have either: (1) "fully exhausted all administrative rights to appeal" the BOP's failure to bring the motion on their behalf, as explained in Section II.B infra; or (2) waited thirty (30) days from the receipt of their request by the warden of their facility, "whichever is earlier[.]" Id.; see, e.g., United States v. Alvarado-Cosme, 2021 WL 5782485, at *1 (D.P.R. 2021).

### B. Procedures for the Implementation of 3582(c)(1)(A)

The following procedural steps are required when filing a request for compassionate release or appealing a denial of such a request:

> (a) A request for a motion under . . . 3582(c)(1)(A) **shall be submitted to the Warden**. Ordinarily, the request **shall be in writing**, and submitted by the inmate . . .
>
> (b) The Bureau of Prisons processes a request made by another person on behalf of an inmate in the same manner as an inmate's request. **Staff shall refer a request received at the Central Office to the Warden** of the institution where the inmate is confined.

28 C.F.R. § 571.61 (emphasis added). Thereafter, if the Warden denies the inmate's request, the inmate may appeal as follows:

> (a) When an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial. **The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B).**
>
> . . .

> (d) **Because a denial by the General Counsel or Director, Bureau of Prisons, constitutes a final administrative decision, an inmate may not appeal the denial through the Administrative Remedy Procedure.**

28 C.F.R. § 571.63 (emphasis added). Courts in the First Circuit have confirmed that 28 C.F.R. § 571.63(a) establishes that the Administrative Remedy Procedure shall serve to guide the "administrative rights to appeal" discussed in the First Step Act. *See* Eisenberg, 470 F.Supp.3d at 113; Britton, 473 F.Supp.3d at 17 n.3; Perry, 2020 WL 8184257, at *2-3; Del Valle-Díaz, 2021 WL 5828385, at *1.

### C. Administrative Remedy Procedure

The Administrative Remedy Procedure, 28 C.F.R. § 542, subpart B, governs the "administrative rights to appeal" requirement referenced in the First Step Act. 28 C.F.R. § 571.63(a); see, e.g., United States v. Perry, 2020 WL 8184257, at *2-3 (D.R.I. 2020); United States v. Britton, 473 F. Supp. 3d 14, 21 (D.N.H 2020). The Administrative Remedy Procedure requires a defendant to appeal a denial of their request using the following four steps. See 28 C.F.R. §§ 542.13.15. First, the defendant must attempt to resolve their complaint informally with prison staff. 28 C.F.R. § 542.13(a). Second, if unable to do so, the defendant may submit a formal written Administrative Remedy Request to the warden through a "BP-9" form within twenty (20) days of the events forming the basis for the request. 28 C.F.R. § 542.14(a). Third, a defendant

who is not satisfied with the warden's response to that request may submit an appeal to the Regional Director through a "BP-10" form within twenty (20) days of the date the warden signed the BP-9 response form. 28 C.F.R § 542.15(a). Fourth, a defendant who is not satisfied with the Regional Director's response may then appeal to the BOP's Office of General Counsel through a "BP-11" form within thirty (30) days of the date the Regional Director signed the response. Id. "Appeal to the General Counsel is the final administrative appeal." Id. Alternatively, if the warden approves the request, but either the BOP's General Counsel or the BOP Director denies the request, that denial constitutes a "final administrative decision" that satisfies the exhaustion requirement. 28 C.F.R § 571.63(d). Thus, a defendant exhausts administrative remedies when either: (1) the warden refuses to recommend that the BOP file a motion for compassionate release and the defendant receives a response to the BP-11 form; or (2) either the BOP's General Counsel or BOP Director rejects a warden's recommendation that the BOP file a motion for compassionate release on the defendant's behalf. See 28 C.F.R. § 542 subpart B; 28 C.F.R. § 571.63.

### III. ANALYSIS

The key questions in this case are: (1) did Mr. Cruz make an initial filing for compassionate release? and (2) if so, did Mr. Cruz satisfy the administrative exhaustion requirement? This Court

need not answer the first question because, assuming *arguendo* that Mr. Cruz's ERTS message satisfied the statutory requirements and was an adequate request for compassionate release, Mr. Cruz failed to fully exhaust all administrative remedies.

The Warden's answer to an inmate's administrative request for compassionate release opens avenues of administrative appeal which must be exhausted before this Court may hear a defendant's *Motion*. *See* Britton, 473 F.Supp.3d at 17 n.3; United States v. Rembert, 2020 U.S. Dist. LEXIS 107423, at *2-3 (D. Me. 2020); Del Valle-Díaz, 2021 WL 5828385, at *1. The purpose of including a thirty-day lapse without warden response as an alternative to administrative exhaustion is, "to ensure that the Warden acts timely." Rembert, 2020 U.S. Dist. LEXIS 107423, at *2-3. When the warden answers a request within thirty days, this purpose has been fulfilled, and therefore "the prisoner needs to exhaust his administrative appeal rights before proceeding to court." Id. "An inmate who is not satisfied with the Warden's response" has a clearly enumerated path to the final administrative appeal or decision required to satisfy the statute's administrative exhaustion requirement. 18 U.S.C. 3582(c)(1)(A); 28 C.F.R. §§ 571.61, 542.15.

Accordingly, the majority rule in the First Circuit is that a *Motion for Compassionate Release* may be heard "once a defendant demonstrates that he has exhausted the [BOP's] administrative

process for compassionate release, or thirty days have lapsed **without a decision**, whichever occurs first[.]" United States v. Miamen, 2020 WL 1904490, at *2 (D.R.I. 2020) (emphasis added). *See also* Eisenberg, 470 F.Supp.3d, at 113; Britton, 473 F.Supp.3d at 17 n.3; Perry, 2020 WL 8184257, at *2-3; Rembert, 2020 U.S. Dist. LEXIS 107423, at *2-3; Del Valle-Díaz, 2021 WL 5828385, at *1.

Here, Defendant contends that his ERTS was an adequate request to the Warden of FCI Beaumont Low and that he satisfied the administrative exhaustion requirement by waiting thirty days after sending the ERTS before filing his *Motion*. (Docket No. 282 at 14-17). The Court disagrees and finds that **Defendant failed to satisfy the administrative exhaustion requirement because he did not pursue other administrative remedies following his Warden's timely response**. *See* Eisenberg, 470 F.Supp.3d, at 113; Rembert, 2020 U.S. Dist. LEXIS 107423, at *2-3; Del Valle-Díaz, 2021 WL 5828385, at *1.

The requirements for administrative appeal from a warden's denial are fully enumerated by 28 C.F.R. §§ 542.10-19. Technically, this case does not present a denial on the merits under 28 C.F.R. § 542.15(a), but rather a rejection of the filing under 28 C.F.R. § 542.17. The Warden wrote, "If you are seeking a compassionate release under the Cares Act per COVID-19 the appropriate process is to submit a hard copy BP9 administrative remedy." (Docket No. 282-2 at 1). Thus, the Warden "reject[ed] and return[ed]"

Defendant's request for compassionate release "without [substantive] response" because it "[did] not meet [a] requirement" of the Administrative Remedy Procedure. 28 C.F.R. § 542.17(a).

As a consequence, the Warden's timely response triggered the administrative exhaustion requirement because Defendant's request did not go unanswered, and Defendant was therefore required to exhaust the evident administrative avenue of BP-9 resubmission. Eisenberg, 470 F.Supp.3d, at 113; Rembert, 2020 U.S. Dist. LEXIS 107423, at *2-3; Del Valle-Díaz, 2021 WL 5828385, at *1. The Warden's timely response not only "explain[ed] the reason for rejection" but also "inform[ed] [Defendant] of a reasonable time extension within which to correct the defect and resubmit the Request" in that it permitted Defendant to file his BP-9 resubmission indefinitely. 28 C.F.R. § 542.17(b). Defendant remains eligible for an "extension in filing time" because he has "a valid reason for delay[.]" 28 C.F.R. § 542.14(b). Namely, the present legal proceedings constitute "an unusually long period taken for informal resolution attempts" absent a "formal written" BP-9 form. 28 C.F.R. § 542.14(a)-(b). It is evident that Defendant still has "an opportunity to correct the defect and resubmit." 28 C.F.R. § 542.17(c). If his Warden denies his resubmission, or improperly rejects it, then Defendant may appeal. 28 C.F.R. § 542.14(b). In conclusion, Defendant's clearest avenue to properly

reaching this Court is to resubmit his initial filing to the Warden of FCI Beaumont Low on the appropriate BP-9 form. *See* 28 C.F.R. §§ 542.14(b), 542.17(b).

A defendant's failure to proffer evidence of administrative exhaustion commonly defeats a *Motion for Compassionate Release*. *See, e.g.,* Alvarado-Cosme, 2021 WL 5782485, at *1 (D.P.R. 2021); Del Valle-Díaz, 2021 WL 5828385, at *1; United States v. Mangual-Santiago, 2022 WL 1315185, at *2 (D.P.R. 2022). Without evidence of administrative exhaustion, Defendant is left to pursue administrative remedies before refiling the *Motion*. *See, e.g.,* United States v. De Jesús-Negrón, 498 F.Supp.3d 275, 276-77 (D.P.R. 2020) ("Without exhaustion of his administrative remedies or a recommendation from the BOP, 18 U.S.C. § 3582(c)(1)(A) makes it clear the Court has no jurisdiction to reduce Defendant's sentence."). This Court has emphasized that "other courts within the First Circuit have held that this requirement is a **mandatory** claim-processing rule not subject to equitable exceptions." Alvarado-Cosme, 2021 WL 5782485, at *1 (citing United States v. Lugo, 2020 WL 1821010, at *3 (D. Me. 2020); Britton, 473 F.Supp.3d at 17 n.3) (emphasis in original).

## IV.   CONCLUSION

For the reasons set forth above, Defendant Jean Carlos Cruz's *Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)* at (Docket Nos. 282 is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of August 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
